IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN THE MATTER OF   :

ISARDO E. BRAVERMAN RODRIGUEZ, :   CASE NO. 05-12773(SEK)

   DEBTOR     :   CHAPTER 7

-------------------------------
WILFREDO SEGARRA MIRANDA AS   :
Trustee for the Estate of
Isardo E. Braverman Rodríguez, :

   PLAINTIFF    :   ADV. NO. 06-00240

    v.      :
ZAIDA MARIE NEGRON CACHO,

        :

   DEFENDANT    :
-------------------------------

**FILED & ENTERED**

2 9 JUL 2008

CLERK
U.S. BANKRUPTCY COURT
SAN JUAN, PUERTO RICO

**OPINION AND ORDER**

Before the court is Plaintiff's request that he be allowed to serve the Defendant with a copy of the summons and the complaint beyond the 120 days set in FRCP 4(m), adopted by FRBP 7004(a)(1). Plaintiff adduces there is cause for extending this period as the record shows his many attempts to obtain Defendant's address, some of which were partially thwarted by the Defendant. For example, Plaintiff first attempted to serve Defendant by sending a copy of the summons and the complaint to the physical address of the realty allegedly involved in the fraudulent transfer that he was seeking to avoid. Service could not be completed as the residence apparently was still under

construction and was not inhabited. Then the Trustee hired a process server who went to Debtor's physical address of record in an attempt to effectuate this service. The Server stated under oath that Defendant was registered as residing in apartment 101 of Pisos de Caparra, instead of apartment PH-A of that same condominium. The Server also stated that the mailman confirmed he delivered mail to the Defendant at apartment 101 of the mentioned condominium. When, the process server attempted to personally serve the Defendant at each of these apartments, he received no answer. His phone calls to certain cell phones (presumably held by the Defendant) were also unanswered. Under these circumstance, the Plaintiff sought court authorization to serve by publication. We granted this request by a simple footnote order that did not specify the manner in which such service was to be effectuated. The Trustee then sought to follow the Commonwealth's Rule of Civil Procedure 4.5, but the summons issued did not comply with this Rule.[1] We also note that after publication of the edict, summons mailed by certified mail addressed to San Pedro Estates in Caguas and Apt. 101 of Pisos de Caparra were returned because of lack of a "mail receptacle" and the because it was unclaimed. Meanwhile, Defendant has been entering special appearances since August 28, 2007, to quash service attempts by the Plaintiff/Trustee while being represented

---

[1] 32 Laws of P.R. Ann. App. III, R. 4.5.

2

by Debtor's Counsel, when the Debtor is her spouse.

While the aforementioned events have generated considerable motions including two opposed motions for entry of default, an opposed motion to quash, all these would become moot should we grant Plaintiff instant request.

The Court has considerable discretion in granting Plaintiff's request, even though Plaintiff has the initial burden of showing there is cause for extending this period.[2] Here, the mistake preventing timely service was caused by a defective registry of residents produced by Condominio Pisos de Caparra, or the mailman who confirmed delivery to the Defendant at the wrong apartment number, or possibly the Defendant or Debtor who failed to answer the Server's attempts to reach them at the apartments or cell phone numbers. The Court and Clerk were also participants in the errors: we did not specify which Rule the Trustee should follow when allowing service by publication; the Clerk issued a summons that did not follow cited Rule 4.5.[3]

We thus conclude the Trustee has met his initial burden of showing there is caused for extending this period that has not been rebutted by Defendant in her latest special appearance



---

[2] Wright & Miller, Federal Practice and Procedure: Civil 3d § 1137.

[3] Although decided under its predecessor FRCP 4(j), the decision concerns a finding good cause for extending the 120 day period that is applicable to the circumstances before us. *Benjamin v. Grosnick, et al.*, 999 F.2d 590 (1st Cir. 1993).

represented by counsel that has an interest adverse to this estate in bankruptcy. The fact that Defendant's address was disclosed during the § 341 meeting of creditors and was known to the Trustee does not minimize errors in resident's registration at Condominio Pisos de Caparra, nor the mailman's assertions.

Hence, the Trustee's motion is granted. The Clerk is to issue new summons immediately address to Mrs. Zaida Marie Negrón Cacho residing at Condominio Pisos de Caparra, Penthouse A (PH-A), Guaynabo, P.R. 0966. Trustee has thirty days from issuance of these summons to serve as required by FRBP 7004.

**SO ORDERED**, in San Juan, Puerto Rico, on July 28, 2008.

SARA DE JESUS
U.S. Bankruptcy Judge